**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW K. HAGENBUSH**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DALE D. ENGLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 58A04-1205-CR-244 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE OHIO CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 58C01-0905-FB-8

**January 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Dale D. Engle appeals his twelve-year sentence for Class B felony dealing in a controlled substance.[1] Engle alleges his sentence is inappropriate in light of his character and offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Engle with three counts of Class B felony dealing in a controlled substance and two counts of Class B felony conspiracy to commit dealing in a controlled substance.[2] Engle pled guilty to one count of Class B felony dealing in a controlled substance, based on his selling sixty-one tablets of hydrocodone to an undercover police officer for five dollars per tablet on February 2, 2009. In exchange, the State dismissed the remaining charges under this cause number, which alleged Engle sold hydrocodone tablets to the same officer on two other occasions, and pending charges under another cause number alleging other drug crimes. The plea agreement left sentencing to the discretion of the trial court.

The court held a sentencing hearing at which Engle testified and the State offered numerous witnesses and exhibits. The court sentenced Engle in an order that contained the following findings and conclusions:

In considering the sentence to be imposed, the Court finds the following aggravating factors:
1.      The Court considers the nature and circumstances of the crime to be an aggravating factor. The Court finds that the evidence presented indicates that the Defendant was a substantial distributor of illegal drugs in the community. The Court considers not only evidence of the particular transaction involved in this charge, but also evidence that Mr.

[1] Ind. Code § 35-48-4-2(a)(1)(C); Ind. Code § 35-41-2-4.
[2] Ind. Code § 35-48-4-2(a)(1)(C); Ind. Code § 35-41-5-2.

Engle was involved in other dealing activity. The Court considers statements made to undercover Officer Nicholas Beetz and the confidential informant in which Defendant Engle indicated that he sold hundreds of pills at a time to some people and that he also dealt in pounds of marijuana. The Court also considers that upon execution of the search warrant at Mr. Engle's residence, approximately fifty (50) hydrocodone pills were found in his bedroom. The Court also considers the large number of pills involved in the drug transactions presented in this case, to-wit: which included sixty (60) hydrocodone tablets on February 2nd, 2009, an additional eighty (80) hydrocodone tablets on February 12, 2009, and an additional sixty (60) hydrocodone tablets purchased on March 3, 2009. Although Defendant has not entered a plea to each separate offense, the Court considers all this evidence as to the extent of Defendant's dealing activity and danger to the community (See State's Exhibit "7"). The Court also considers Defendant's attitude expressed in his recorded statements that he knows people are "crazy for pills"; Defendant shows that he is aware of the harm he is causing and shows a lack of concern.

2.  The Court also considers the Defendant's dishonesty with the Court regarding his testimony in the sentencing hearing. Defendant testified that all of the pills which he sold came from his business partner's medicine cabinet. The Court finds that this testimony is not credible considering the evidence of the number of transactions Defendant conducted. The Court also finds that the amount of pills involved in the transactions and Defendant's own statements about this level of dealing to the under-cover officer are inconsistent with his testimony. In addition, the Court considers that Defendant offered no legitimate explanation as to how the proposed dealing changed from a transaction for marijuana to pills. Defendant's testimony regarding the source of the pills is inconsistent with the variety of pills sold and found in his possession. Defendant also told the under-cover officer that he could get any amount of pills that he wished to purchase. Again, the Defendant stated that he sold hundreds of pills and sold pounds of marijuana. The Court finds that Defendant was being dishonest with the Court at the sentencing hearing and that this dishonesty indicates a lack of remorse for his actions and his disrespect for the law and the authority of the Court.

3.  The Court finds that due to the number of pills involved, that Defendant may have been receiving his supply of pills from pharmacy thefts. The Court, however, finds that that evidence is insufficient to allow the Court to draw this conclusion for purposes of this hearing. The Court also finds that where Defendant was receiving his supply is less

3

important than the significant level of his dealing activity.

The Court also considers possible mitigating circumstances:

1.	The Court considers that Defendant does not have a significant criminal or juvenile history as a mitigating factor and provides some weight. The Court also considers this finding in the context of other illegal activity cited herein.
2.	The Court has also considered Defendant's medical condition as a possible mitigating factor and provides some weight. However, the Court has allowed considerable time to allow the Defendant to have his medical condition resolved prior to sentencing and pronouncement of sentence.
3.	The Court considers the fact that Defendant has entered a plea of guilty as a mitigating circumstance and provides some weight. The Court does not place significant weight on the guilty plea, in that, pursuant to the plea agreement, charges are dismissed against Defendant in Cause No. 15D02-0905-FB-003, Count I, Dealing in a Schedule I Controlled Substance, 35-38-4-2, a Class A Felony; Count II, Conspiracy to Commit dealing Methamphetamine, a Class B Felony; and that, also, remaining counts in this cause of action were dismissed including, two (2) additional allegations of Dealing in a Controlled Substance, Class B Felony under Counts III and V.

The Court has considered the evidence and finds no other possible mitigating circumstances exist.

The Court considers the balance between aggravating and mitigating factors to be that aggravating factors outweigh mitigating factors.

(Appellant's App. at 154-7.) Based thereon, the court pronounced a twelve-year sentence,

with no time suspended.

## DISCUSSION AND DECISION

Engle alleges his sentence is inappropriate based on his character and offense.[3] We

---

[3] The State also addresses why the trial court did not abuse its discretion when entering Engle's sentence. Although the State correctly asserts a defendant should not co-mingle an argument alleging abuse of discretion in sentencing with an argument under Appellate Rule 7(B), *see*, *e.g.*, *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007), we disagree with the State's assertion that Engle's

4

may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other facts appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class B felony is ten years, with a possible range of six to twenty years. Ind. Code § 35-50-2-5. Engle received a twelve-year sentence, and he claims that is inappropriate because the evidence does not demonstrate he is a "substantial dealer." (Appellant's Br. at 6.) Engle acknowledges evidence he sold, on three separate occasions, sixty, eighty, and sixty tablets of hydrocodone; he had fifty additional pills in his bedroom when police searched it; and he bragged to undercover officers that he sold pounds of marijuana.[4] The statute defining Engle's crime did not require a minimum amount of hydrocodone, *see* Ind. Code § 35-48-4-2(a)(1)(C), so sale of a single tablet would permit a conviction. *See Harkrader v. State*, 553

Brief raises such issue. If Engle, in fact, intended to raise such issue, we hold it is waived for failure to present cogent argument as required by Indiana Appellate Rule 46(A)(8)(a).

[4] Engle asserts the court erred by accepting his "mere sales puffery as truth." (Appellant's Br. at 6.) As a trial court is entitled to assess the credibility of a witness, we decline to find error in the court's decision to believe certain of Engle's statements over others. *See Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) ("We do not reweigh the evidence or judge the credibility of witnesses. . . . These evaluations are for the trier of fact, not appellate courts.").

N.E.2d 1231, 1233 (Ind. Ct. App. 1990) (upholding dealing conviction based on two capsules of schedule II substance), *trans. denied.* Thus, regardless whether illegal possession of 250 hydrocodone tablets, and sale of 200 thereof, was "substantial" dealing, and we are unwilling to find a sentence two years greater than the advisory sentence inappropriate for his crime.

As for Engle's character, one relevant fact is a defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Engle's criminal history consists of three misdemeanor convictions – battery of his wife, intimidation, and criminal mischief – in 2000. Although Engle correctly notes he successfully completed probation for those crimes, those three convictions did not dissuade Engle from committing additional crimes.

The court also found Engle's "dishonesty indicates a lack of remorse for his actions and his disrespect for the law and the authority of the court."[5] (App. at 156.) Dishonesty with the court, along with lack of respect for the law and legal system, are not character traits that suggest a twelve-year sentence is inappropriate.

Because Engle has not demonstrated a twelve-year sentence is inappropriate for his character and crime, we affirm.

---

[5] The language of the court's finding disposes of Engle's assertion that the court found he lacked remorse based solely on his comment about how people react over prescription pills. (*See* Appellant's Br. at 6.)

Affirmed.

ROBB, C.J., and PYLE, J., concur.